UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Case No. |
| Plaintiff, ) | 5:17-CR-96-JMH-CJS |
| ) | Civil Case No. |
| v. ) | 5:20-CV-373-JMH-CJS |
| ) | |
| GARY L. THOMAS, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant. ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

On September 3, 2020, Defendant Gary L. Thomas, by and through counsel, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (R. 32). Pursuant to local practice, this matter was referred to the undersigned for preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts and for preparation of a report and recommendation.[1] For the reasons stated below, it will be herein recommended that Thomas's § 2255 Motion (R. 32) be denied as untimely filed.[2]

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On August 3, 2017, a federal grand jury returned an Indictment charging Thomas with carjacking in violation of 18 U.S.C. § 2119, use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1), convicted felon in possession of a firearm in violation of 18

---

[1] Under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must "promptly examine" any § 2255 motion upon its filing. Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. "If it plainly appears from the motion, and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." *Id*.

[2] Defendant also included an alternative ground for relief pursuant to 18 U.S.C. § 3582(c)(1)(B) due to the COVID-19 pandemic which District Judge Hood addressed separately. (*See* R. 40).

U.S.C. § 922(g)(1), and possession of a stolen firearm in violation of 18 U.S.C. § 922(j). (R. 1). Thomas pled not guilty to all four counts of the Indictment at his arraignment. (R. 9).

On November 6, 2017, having entered into a plea agreement with the United States, Thomas entered a change of plea—pleading guilty to carjacking and use of a firearm in furtherance of a crime of violence. (R. 17). Pursuant to that plea agreement (R. 19), Thomas waived the right to appeal his guilty plea, conviction, and sentence provided the sentence ultimately imposed did not exceed the advisory sentencing range. Thomas also waived his right to collaterally attack his guilty plea, conviction, and sentence, except for claims of ineffective assistance of counsel. (R. 19 at Page ID 48).

Thomas came before the Court on March 5, 2018 for sentencing. (*See* R. 25). At that time, the remaining counts of the Indictment were dismissed by motion of the United States, and Thomas was sentenced to a term of imprisonment of 180 months. Judgment was also entered on March 5, 2018 (R. 26).[3] Upon entry of the Judgment, Thomas had fourteen (14) days to file a notice of appeal to the Sixth Circuit Court of Appeals. No notice of appeal was filed.

Thomas filed his § 2255 Motion on September 3, 2020. (R. 32). Therein, Thomas asserts: (1) that his counsel provided ineffective assistance for her failure to adequately consult and advise Thomas of the possibility that the presiding District Judge may order that Thomas's federal sentence be served consecutive to his state sentence; and (2) that his counsel provided ineffective assistance for failing to consult with Thomas regarding the possibility of filing an appeal.

---

[3] Defendant's original Judgment (R. 26) reflected that Thomas was sentenced to 96 months on Count 1 and 84 months on Count 2, for a total of 161 months. An Amended Judgment (R. 35) was entered on October 21, 2020, correcting the scrivener's error and reflecting the total sentence of 180 months. Thomas filed a Motion to Vacate the October 21, 2020 Amended Judgment (R. 36) challenging the Amended Judgment on the basis of Federal Rule of Criminal Procedure 35. Judge Hood denied Thomas's Motion to Vacate the Amended Judgment (R. 37), finding the Amended Judgment did not correct Thomas's sentence but rather corrected a clerical error in the original Judgment arising from oversight. (R. 37).

An initial review of Thomas's § 2255 Motion was conducted and revealed that the § 2255 Motion appeared to be untimely filed. Thomas was ordered to show cause by November 6, 2020 why his § 2255 Motion was not time barred by § 2255(f)'s one-year limitations period. (R. 34). Thomas made no filing responding to the show cause.

## II.   ANALYSIS

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, federal prisoners have a one-year limitations period in which to file a § 2255 motion. *See Johnson v. United States*, 457 F. App'x 462, 464 (6th Cir. 2012); 28 U.S.C. § 2255(f). The one-year limitations period for federal inmates seeking relief under this section runs from the latest of

(1)   *the date on which the judgment of conviction becomes final*;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4) (emphasis added).

In this case, the first specified date, the date on which Thomas's original Judgment became final, initiated the running of the one-year limitations period. After this Court entered Judgment, Thomas had fourteen (14) days—until March 19, 2018—to file an appeal with the Sixth Circuit Court of Appeals. He did not file a direct appeal. Thus, Thomas's Judgment became final on March 19, 2018 and, pursuant to § 2255(f)(1), he had until March 19, 2019, within which to file his § 2255 Motion. He did not do so until September 3, 2020, which filing was over seventeen

months too late. The one-year limitations period of § 2255(f)(1) is a firm deadline, and failure to abide by it is fatal to a federal prisoner's pursuit of § 2255 relief. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) ("Absent compelling equitable considerations, a court should not extend limitations [on the filing of a habeas case] by even a single day."); *Tucker v. United States*, Nos. 3:06-cv-282, 3:03-cr-88, 2006 WL 2323252, at *1 (E.D. Tenn. 2006) (citing *Jurado* in support of finding that a 28 U.S.C. § 2255 motion filed one day late was barred as untimely).

Thomas has also not asserted any facts which would implicate §§ 2255(f)(2), (f)(3), or (f)(4). Specifically, he does not assert that any action by the government prevented him from filing a timely motion, that the Supreme Court recognized a new right with respect to his grounds for relief that has been made retroactive on collateral review, or the existence of facts affecting his case that could not have been discovered earlier through the exercise of due diligence. Thus, Thomas has not established any basis under § 2255(f) that would render his September 3, 2020 filing timely.

In some circumstances the one-year limitations period for filing a § 2255 motion is subject to equitable tolling. Equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010). The Supreme Court set forth a two-part test under which a habeas petitioner is entitled to equitable tolling if he demonstrates that (1) "he has been pursuing his rights diligently," and (2) that "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). But equitable tolling applies "sparingly," and the defendant must prove that he is entitled to such relief. *Robertson v. Simpson,* 624 F.3d at 784; *see also Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011) (citing *Holland*, 560 U.S. at 646); *McClendon v.*

4

*Sherman*, 329 F.3d 490, 494 (6th Cir. 2003) (petitioner bears the burden of demonstrating he is entitled to equitable tolling).

Here, Thomas has not argued, much less shown, that some extraordinary circumstance stood in his way or that he has been pursuing his rights diligently such that equitable tolling should apply. Typically, § 2255 motions are filed using AO Form 243, which directs defendants to provide an explanation for why the motion is not barred if their judgment of conviction became final more than one year prior to filing the motion. When Thomas filed his § 2255 Motion, counsel did not use AO Form 243 and the Motion did not otherwise address timeliness of the filing. Therefore, a separate show cause order was entered calling Thomas's attention to the timeliness issue and requiring him to provide a further filing on the point or risk potential denial of his Motion if he failed to do so. (*See* R. 34). No further filing was made in response to this Order. Thus, Thomas has not demonstrated that he is entitled to application of equitable tolling with respect to his § 2255 Motion filing.

Finally, Thomas has not asserted a claim of actual innocence, which is another avenue that may overcome the bar created by an untimely filing. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (a claim of "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations"). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare: [A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Here, Thomas does not allege, much less show, that he is actually innocent of the offenses of conviction. Instead, he merely asserts his two grounds for relief: ineffective assistance of counsel for failing to consult with him about the possibility of having to serve his state and federal sentences consecutively and the possibility of filing an appeal.

In summary, it "plainly appears from the [M]otion . . . and the record of prior proceedings that [Thomas] is not entitled to relief" because Thomas's § 2255 Motion was filed over seventeen months too late. And having failed to present any argument as to equitable tolling or that he is actually innocent of the offenses for which he was convicted, Thomas's § 2255 Motion should be denied.

## III.    CERTIFICATE OF APPEALABILITY

Under Rule 11 of the Federal Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate may issue only if a defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2255(c)(2). The Supreme Court explained this requirement in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (addressing issuance of a COA in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255). Where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. at 484. When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a certificate of appealability should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states

6

a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

In this case, reasonable jurists would not debate the denial of Thomas's § 2255 Motion or conclude that "the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Thomas failed to comply with the limitations period of § 2255(f) and the denial of Thomas's § 2255 Motion as untimely is appropriate. Accordingly, it will also be recommended that a certificate of appealability be denied upon the entry of a final order in this matter.

### IV. CONCLUSION AND RECOMMENDATIONS

For the reasons stated above, **IT IS RECOMMENDED** that:

1) Thomas's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (R. 32) **be denied**;

2) a Certificate of Appealability **be denied** in conjunction with the Court's entry of a final order in this matter;

3) Judgment in favor of the United States **be entered** contemporaneously with the entry of a final order; and,

4) Thomas's ancillary action **be dismissed and stricken** from the Court's active docket.

Thomas is directed to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, Thomas may serve and file specific written objections to any or all findings or recommendations for

determination, de novo, by the District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Judge and Sixth Circuit Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Dated this 29th day of March, 2021.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\habeas petitions\2255 prelim review\17-96-JMH Thomas R&R final.docx