UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:17-cr-00096-GFVT-MAS-1 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| GARY L. THOMAS, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Gary L. Thomas's Motion for Reduction in Sentence. [R. 47]. For the following reasons, the Court **DENIES** Thomas's motion.

**I**

On November 6, 2017, Gary Thomas plead guilty to Counts One and Two of the Indictment. [R. 17; R. 19]. Count One charged Thomas with carjacking in violation of 18 U.S.C. § 2119. [R. 1]. Count Two charged Thomas with the use, carry, and brandishing of a firearm during and in relation to a crime of violence. [*Id.*] On March 5, 2018, Judge Joseph M. Hood sentenced Thomas to 96 months of imprisonment for Count One and 84 months of imprisonment for Count Two, to run consecutively for a total amount of 180 months. [R. 26]. Thomas filed a motion for his sentences to run concurrently, [R. 27], which Judge Hood denied. [R. 28]. Moving *pro se*, Thomas then filed a motion to vacate his sentence under 28 U.S.C. § 2255. [R. 32]. The United States timely responded in opposition. [R. 50]. The matter now stands ripe for adjudication.

**II**

In general, a Court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). But the Court may modify a sentence "in the case of a defendant who has

been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 944(o)." *Id.* at § 3582(c)(2). The court must first consider the sentencing factors set forth in § 3553(a). *Id.* The Court then looks to see whether the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

Thomas seeks a modification of his sentence under 18 U.S.C. § 3582(c)(2). He offers three arguments in support of this position. First, Thomas seeks a sentence reduction due to a retroactive change as to status points under USSG § 4A1.1(e). Second, he argues that the Court has discretion to run his firearm conviction under 18 U.S.C. § 924(c) concurrently with his carjacking conviction. Third, he argues that the 18 U.S.C. § 3553(a) factors support a reduction in his sentence. The Court addresses these arguments in turn.

**A**

"A defendant is not eligible for a reduction of sentence under § 3582(c)(2) unless (1) his sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . and the amendment on which he relies has the effect of lowering the defendant's applicable guideline range[.]" *United States v. Hameed*, 614 F.3d 259, 260 (6th Cir. 2010) (citation modified). Amendment 821 altered the application of the Guidelines as to certain offenders who "(a) earned criminal history 'status points' based on commission of an offense while serving a criminal sentence[.]" *United States v. Gore*, No. CR 7:17-1-KKC, 2024 WL 1889194, at *1 (E.D. Ky. Apr. 30, 2024). The Commission voted to give retroactive effect to Amendment 821. *Id.* The guidelines now read "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under

2

any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." USSG § 4A1.1(e).

Thomas is not eligible for a sentence reduction because Amendment 821 does not alter his criminal history category. At sentencing, Thomas received 12 criminal history points pursuant to USSG § 4A1.1(a)–(d) and 2 criminal history points for status, resulting in 14 total points for a criminal history category of VI. [R. 50 at 4]. Retroactively applying Amendment 821, Thomas now has 13 points which still places him in criminal history category VI. [*Id.*] Amendment 821 thus does not lower his applicable guideline range, and he is ineligible for a sentence reduction under § 3582(c)(2). *Hameed*, 614 F.3d at 260.

**B**

Next, Thomas argues that his sentence for Count Two should run concurrently with his sentence for Count One. Count Two charged Thomas with using a firearm in the furtherance of a violent crime in violation of 18 U.S.C. § 924(c)(1). [R. 1 at 1–2]. A sentence imposed under Section 924(c) must run consecutively to any other term of imprisonment. *See* 18 U.S.C. § 924(c)(1)(D)(ii); see also *Lora v. United States*, 599 U.S. 453, 457 (2023) ("[T]he [§ 924(c)(1)] sentence must run consecutively, not concurrently, in relation to other sentences."). The Court has no discretion to order that Thomas's sentences run concurrently.

**C**

Had the Court found that Amendment 821 lowered his sentencing range, the Court would then need to turn to consider the sentencing factors set forth in § 3553(a). Having found that Amendment 821 did not lower Thomas's sentencing range, the Court need not address the factors. The Court does, however, note that Thomas has a lengthy and violent criminal history replete with violations of probation and other episodes of recidivism. Thomas's current sentence

3

reflects the seriousness of the offense, protects the public from Thomas, and affords adequate deterrence to the type of conduct he committed. 18 U.S.C. § 3553(a)(2). Thomas attached several certificates recognizing his successful completion of several programs, including the "Inside Dad Program," financial training, a soft skills bootcamp, and recognition for his participation in the Non-Residential Drug Abuse Program. [*See* R. 47-1 at 9–17]. The Court commends Thomas for these achievements and encourages him to continue utilizing any and all resources and programming that the Bureau of Prisons has to offer. But at this time, for the reasons previously mentioned, Thomas does not qualify for a reduction in his sentence.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** that Thomas's Motion to Reduce Sentence **[R. 47]** is **DENIED**.

This 18th day of March, 2026.

Gregory F. Van Tatenhove
United States District Judge